# IN THE COURT OF APPEALS OF IOWA

No. 20-0083
Filed April 1, 2020

**IN THE INTEREST OF E.L.,**
**Minor Child,**

**J.H., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Wapello County, William Owens, Associate Juvenile Judge.

A mother appeals the termination of her parental rights to one minor child. **AFFIRMED.**

Mary Baird Krafka of Krafka Law Office, Ottumwa, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Sam K. Erhardt of Erhardt & Erhardt, Ottumwa, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and Greer and Ahlers, JJ.

**GREER, Judge.**

A mother appeals the termination of her parental rights to one child.[1]  The mother argues the State failed to prove grounds for termination and termination is not in the child's best interest.  On our de novo review, we affirm the juvenile court termination order.

## I.  Background Facts and Proceedings.

J.H. is the mother of E.L., born in 2012, and two older boys not involved here.[2]  This family most recently came to the attention of the Iowa Department of Human Services (DHS) in September 2015, five weeks after DHS closed a previous child-in-need-of-assistance case.  E.L. was removed from the home over concerns of substance abuse, domestic violence, and unaddressed mental-health issues.  E.L. was adjudicated a child in need of assistance on October 20.

The mother has a long history of substance abuse and unsuccessful attempts at treatment.  She acknowledges that her longest, most successful effort at inpatient substance-abuse treatment was from September to December 2017.  During that time, E.L. was returned to the mother's care.  That said, after her unsuccessful discharge, he was removed again and has been out of her custody since then.

With that history in mind, the mother's rights to her two older children were terminated in July 2018, while E.L.'s case remained pending.  After that, the mother began to feel hopeless about her ability to regain custody of E.L.  She struggled to

---

[1] The father's parental rights were also terminated.  He does not appeal.
[2] E.L. and the two older boys have different fathers, leading to separate juvenile court cases.

participate in services and remain sober. Yet she sporadically participated in services and kept having regular visits with her child. The mother had one supervised four-hour visit per week. She used most of her visitation and behaved appropriately at most visits. That said, sometimes the workers "could tell that there's something off about her demeanor" and worried it resulted from substance abuse.

To address her condition, the mother again entered inpatient substance-abuse treatment in March 2019, but she was unsuccessfully discharged three or four days later. In August, a Family Safety, Risk, and Permanency worker expressed concerns about the mother falling asleep at visits. The mother claims she tried to get a substance-abuse evaluation at First Resources in mid-September but insists they could not assist her. On October 1, the mother was arrested for possession of methamphetamine and possession of drug paraphernalia.

After that arrest, the State filed the termination petition on October 25. The court held a termination hearing on November 19 and 20. The DHS worker testified that the child could not be returned to either parent at the time of the termination hearing and that she did not believe the parents could regain custody with another six months.

On a positive note, at the time of the hearing, the mother had her own one-bedroom apartment and worked for her landlord. She had an appointment scheduled for December 10 for mental-health treatment. She claimed she was sober, she but could not say for how long. She asked the court to give her a three-month extension to regain custody of E.L. so that she could participate in mental-health and substance-abuse treatment.

On January 3, 2020, the juvenile court terminated both parents' parental rights. The mother appeals.

## II. Standard of Review.

We review termination-of-parental-rights cases de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (quoting *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010)).

## III. Analysis.

The mother argues the State failed to prove grounds for termination by clear and convincing evidence and that termination is not in the child's best interest. We will consider her claims in turn.

**A. Grounds for Termination.** The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(f) and (g) (2019). On appeal, the mother only challenges one element of section 232.116(1)(f): that the child could not be returned to her care at the time of the termination hearing.[3] *See id.* at 111 (noting that "at the present time" means at the time of termination hearing).

---

[3] Iowa Code section 232.116(1)(f) permits the court to terminate parental rights when
> The court finds that all of the following have occurred:
> (1) The child is four years of age or older
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

"When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).

Although the mother does not challenge termination under section 232.116(1)(g),[4] we will consider her argument against termination under section 232.116(1)(f). At the termination hearing, the mother conceded she was not ready to take custody of the child and requested three additional months to pursue reunification. She claimed she was sober, had her own housing, and was employed by her landlord. She had made an appointment with a mental-health service provider, but she was not participating in substance-abuse or mental-health treatment at the time of the hearing. According to the mother, her lack of participation in services was due in part to her feelings of hopelessness after her rights to two of her older children were terminated in July 2018. On appeal, she now claims she could have resumed custody of the child at the time. She argues the court should consider her participation in substance-abuse treatment from

---

[4] Iowa Code section 232.116(1)(g) provides that the court may terminate parental rights when

> The court finds that all of the following have occurred:
> (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (2) The court has terminated parental rights pursuant to section 232.117 with respect to another child who is a member of the same family or a court of competent jurisdiction in another state has entered an order involuntarily terminating parental rights with respect to another child who is a member of the same family.
> (3) There is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation.
> (4) There is clear and convincing evidence that an additional period of rehabilitation would not correct the situation.

September to December 2017 and her continued participation in visits with the child.

We commend the mother for finding housing and employment, but she has not shown that she has addressed the mental-health and substance-abuse issues that have persisted throughout this case. *See In re M.S.*, 889 N.W.2d 675, 680 (Iowa 2016) ("[A] child cannot be returned to the custody of the child's parent . . . if by doing so the child would be exposed to any harm amounting to a new child in need of assistance adjudication." (quoting *In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992))). When asked whether she had been sober for "a week, two weeks, two months," the mother could not answer. We conclude the State proved by clear and convincing evidence that the child could not be returned to the mother's custody at the time of the termination hearing. For that reason, the State established grounds for termination under Iowa Code section 232.116(1)(f). We must next consider whether termination was in the child's best interest.

**B. Best Interests.** After the State has proved grounds for termination we must consider whether termination is in the child's best interest. We will "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination . . . by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *A.M.*, 843 N.W.2d at 112 (quoting *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010)).

Sadly, this child has been involved with DHS since he was about eight months old, living through many out-of-home placements. The most recent child-in-need-of-assistance adjudication came in October 2015. And he has been out of the mother's care since 2017. This child deserves permanency, and we decline to delay permanency hoping that someday the mother will be able to parent him safely. We conclude termination is in the child's best interest.

**IV. Disposition.**

We affirm the juvenile court order terminating the mother's parental rights to E.L.

**AFFIRMED.**